**EXHIBIT D**



# Sheet Metal Workers' National Pension Fund

April 2, 2014

Mr. Daniel E. Dymond
41 Woodbury Rd.
Farmingville, NY 11738-2318

RE: SSN XXX-XX-8664, Local Union #28

Dear Mr. Dymond:

As you have been advised, the Fund ("NPF") has verified with the U.S. Social Security Administration that you have been an employee of FAD Consulting Corporation since 2001. Based on our review, as a consultant you were responsible for providing guidance on the methods to do sheet metal. Specifically, in this position you were able to "fix problems that are encountered in our industry."

In consideration of this information, we find that the work you performed as a consultant with FAD Consulting Corporation is work in Disqualifying Employment for the reasons provided below.

The Plan defines work in the Sheet Metal Industry under Section 1.35 as follows –

> The term "Sheet Metal Industry" shall mean any and all types of work covered by collective bargaining agreements to which the Union and/or any Local are a party; or under the trade jurisdiction of the Union, as that trade jurisdiction is described in the SMWIA's constitution; or in a related building trade; or any other work to which a sheet metal worker has been assigned, referred, or can perform because of his skills and training as a sheet metal worker.

We have determined that your employment with F A D Consulting Corporation is work the Sheet Metal Industry because it is work under the trade jurisdiction of the Union as described in the SMWIA's Constitution under Article 1 Section 5(a) and (m). Additionally, it is work to which a sheet metal worker has been assigned, referred, or can perform because of his skills and training as a sheet metal worker. In light of this finding, your employment with FAD Consulting is work in Disqualifying Employment under Section 8.06(d)(1)(E) of the Plan.

We have also considered the type of services F A D Consulting provided and find that they are similar to that of our Contributing Employers. Some examples include but are not limited to:

- **Sheet Metal Contractors** located in De Soto, MO, has senior technical consultants qualified in HVAC, mechanical, sheet metal, design build services, and air quality purification;
- **CJ HVAC Consulting** which has over 20 years experience in the sheet metal industry working in large commercial and industrial projects; and

- **SSM Industries** is a full-service Mechanical Contractor that provides clients with a complete range of services including HVAC, Plumbing, Refrigeration, Process Piping, Design Build, Shop Fabrication, Nuclear Industries HVAC, BIM, 3D Coordination and Repair Service. In order to facilitate this they employ over 50 skilled and experienced professionals including design engineers, project engineers, quality control inspectors, detailers, managers, supervisors and technicians, each with remarkable expertise and influence in their field of specialization.

In light of this, we also find that your employment with F A D Consulting Corporation is work in Disqualifying Employment under Section 8.06(d)(1)(B) of the Plan.

Fund records show that you began receiving benefits in April 2003, during which time you were working with F A D Consulting. Please be advised, that Section 5.01 of the Plan states that a Participant is "retired" within the meaning of the Plan, if he has ceased working in Covered Employment, as well as in any Disqualifying Employment, and such cessation of work is intended to be permanent. A Participant will also be treated as "retired" within the meaning of the Plan, if he only performs work in Disqualifying Employment that would not result in the suspension of his benefits under Section 8.06, and he otherwise satisfies the conditions of the preceding sentence. Since you were engaged in Disqualifying Employment at the time you applied for pension you were **not** deemed retired in accordance with Section 5.01 and are not due any of the pension and your application is denied. As a result, we will require reimbursement for all payments received through April 2014 to date totaling $437,510, in pension and COLA benefits. You also owe the NPF reimbursement of $806 for supplemental insurance subsidies paid to SMW+ towards the cost of your coverage.

Additionally, as F A D Consulting Corporation was not signed to a Union collective bargaining agreement your benefit would have been ineligible for a 55/30 Pension, and you would have been subject to early retirement delays provided for in Section 5.05.

Finally, you remain eligible for a pension provided you are deemed retired in accordance with Section 5.01 at the time you make application; however, the Fund will recover the overpayment by withholding 100% of your pension payments at the time you make application for benefits.

Enclosed please find the summary provided to you at the time you requested pension. As you will note, you were notified at the time you requested benefits that employment with an employer in the same or related business as any Contributing Employer and work in the Sheet Metal Industry was considered Disqualifying Employment under the Plan.

If you believe the Fund's decision is in error, you have the right to appeal this decision to the Appeals Committee of the Fund's Board of Trustees. If you decide to appeal, you must do so in writing within 180 days of your receipt of this letter. If you appeal the Plan's decision, the Appeals Committee will review your appeal at its next scheduled meeting, unless the appeal is received within 30 days of that meeting, in which case it will be reviewed at the following meeting. If circumstances require more time for a decision, you will be notified in writing. The notice will describe the reason for the delay and the approximate date a decision will be made. The decision will be made no later than the third meeting following the date the Fund receives your appeal.

Sheet Metal Workers' National Pension Fund
8403 Arlington Blvd, Suite 300
Fairfax, VA 22031
www.smwnpf.org, 1-800-231-4622
EIN 52-6112463/Plan No. 001

Please understand that the Appeals Committee has full discretion to interpret the Plan, and its decision is final and binding. Also, neither the Appeals Committee nor the full Board of Trustees has the power to waive the applicable Plan provisions. Therefore, your appeal must demonstrate that the Fund's decision is erroneous based on the applicable terms of the Plan. It is your obligation in any appeal to provide the Appeals Committee with any and all evidence, or other information, supporting your position.

You are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to your claim for benefits. You also must submit any additional written comments, documents, records, and other information that you believe supports your position on appeal. The Appeals Committee's review will take into account all information you submit relating to your claim. You will not have another opportunity to submit additional information after the Appeals Committee conducts its review. To perfect your appeal and otherwise determine your eligibility for benefits and the amount of those benefits, you must provide all information required by the Fund. Refusing or failing to provide any necessary information can result in the denial of benefits.

The Fund will send you written notice of the Appeals Committee's decision no later than five (5) days after the decision is made. In the event your appeal is denied, you have the right to bring a civil action under Section 502(a) of the Employee Retirement Income Security Act. If your appeal is denied and you decide to bring a court action, you must do so before the 91st day after the claim is denied or deemed to be denied by the Appeals Committee, or your claim will be barred.

For you convenience we have enclosed the Plan Document. If you have any questions or would like copies of the Summary Plan Description visit www.smwnpf.org or contact the Fund Office.

Sincerely,

Debbie Elkins
Pension Benefits

Enclosures -   SMWIA Constitution
Plan Document
Signed Retirement Declaration and Acknowledgement (Copy)
Summary of Disqualifying Employment

cc: Local Union 28